IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| ALFREDO CORDOVA, on behalf of himself and all others similarly situated, | § § § | |
| Plaintiffs, | § § | |
| V. | § | CIVIL ACTION NO. _____ |
| MARJUA CORPORATION d/b/a LOS TRES AMIGOS | § § § § § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Alfredo Cordova ("Plaintiff"), on behalf of himself and all others similarly situated, files this Original Complaint against the Marjua Corporation d/b/a Los Tres Amigos ("Defendant") showing in support as follows:

## INTRODUCTION AND FACTUAL SUMMARY

1. This is a lawsuit to recover unpaid overtime back wages under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., on behalf of Plaintiff and other similarly situated kitchen staff employed by Defendant from March 9, 2009 forward.

2. The Plaintiff was employed as a kitchen staff employee for Defendant from approximately August 2010 to March 4, 2012. Defendant operates three restaurants doing business as "Los Tres Amigos" with one restaurant in Wichita Falls, Texas and two restaurants in Lawton, Oklahoma. Plaintiff worked in the Wichita Falls location.

3. Plaintiff was paid a quasi-day rate where his daily amount of pay was reduced when he worked less than a full day/worked fewer hours. As such, Defendant did not have a valid day rate plan pursuant to the requirements of 29 C.F.R. § 778.112. Plaintiff was not paid

on a salary basis sufficient to qualify for any FLSA exemption.  Plaintiff's compensation method and his kitchen staff employee primary duties make him a non-exempt employee under the FLSA.  However, despite regularly working more than 40 hours per workweek, Plaintiff was never paid overtime wages as required by the FLSA.  Plaintiff seeks recovery of unpaid overtime back wages, liquidated damages and legal fees during the relevant time period.

4. At all times relevant to this lawsuit, Defendant employed and continues to employ several employees that are similarly situated to Plaintiff.  Defendant typically employs an approximate total of 24 kitchen staff employees at any given time in three restaurants, and those kitchen staff employees are similarly situated to Plaintiff with regards to compensation method, primary duties, exemption status and typical hours worked.  Like Plaintiff, the members of the putative class were not paid overtime compensation for all hours worked over 40 in relevant workweeks.

5. Plaintiff and similarly situated kitchen staff employees worked on the production side of the business with the primary duty of providing kitchen staff services such as cleaning, cooking, preparing kitchen equipment, preparing food products, working with supplies and general restaurant kitchen duties. Plaintiff and similarly situated employees engaged in interstate commerce in the performance of their primary duties.  Examples include the use of food products, food service supplies, cooking equipment and cleaning goods manufactured and/or distributed in interstate commerce and the rendering of food related goods and services to customers in interstate commerce.  Additionally, kitchen staff employees were employed by Defendant in three business locations in two different states.  Communications between those interstate business locations involved interstate commerce.

6. Plaintiff and similarly situated employees worked a schedule that regularly involved working more than 40 hours per week. Similarly situated employees were paid a quasi-day rate like Plaintiff as explained in paragraph 3 above. At no time were Plaintiff and similarly situated employees exempt from the FLSA overtime wage laws. Plaintiff and similarly situated employees were not paid overtime compensation for all overtime hours worked.

7. Defendant failed to comply with the FLSA because it did not pay Plaintiff and similarly situated employees overtime wages for each hour worked over 40 for each and every workweek. Plaintiff and the putative collective action members seek FLSA back pay, liquidated damages and legal fees for Defendant's failure to pay overtime wages from March 9, 2009 forward.

## THE PARTIES, JURISDICTION AND VENUE

8. Plaintiff Alfredo Cordova is a former employee of Defendant and is a natural person who resides in Wichita Falls, Texas. He has standing to file this lawsuit. He worked as a kitchen staff employee for Defendant at its Wichita Falls restaurant within the Northern District of Texas from approximately August 2010 to March 4, 2012.

9. The putative collective action members are current and former kitchen staff employees with the job duties described in Paragraphs 4, 5 and 6 above who are/were employed by Defendant since March 9, 2009. Like the named Plaintiff, these persons are/were engaged in interstate commerce in performing their duties for Defendant. All of the putative collective action members are similarly situated to Plaintiff and to one another within the meaning of Section 216(b) of the FLSA.

10. Defendant Marjua Corporation d/b/a Los Tres Amigos is Texas for profit corporation with its principal place of business at 2210 Southwest Parkway, Wichita Falls, Texas

76308.  Defendant is an employer pursuant to the FLSA.  The Marjua Corporation d/b/a Los Tres Amigos may be served with process by serving its registered agent, Elvin Dudley, at 4001 Call Field Road, Wichita Falls, Texas 76308.

11. The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.  During all times relevant to this lawsuit, Defendant has done business in the State of Texas and continues to do business in the State of Texas.

12. At all times relevant to this lawsuit, Defendant has employed more than two employees and is engaged in interstate commerce.  As set forth above in more detail, Defendant operates multiple restaurant locations in Texas and Oklahoma.  On information and belief, Defendant has annual gross sales or business volume in excess of $500,000.

13. The Court has subject matter jurisdiction over this case based on federal question jurisdiction because Plaintiff bases his claim and the claims on behalf of the putative collective action members on federal law, 29 U.S.C. § 201, *et seq*.

## CONTROLLING LEGAL RULES

14. The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must compensate the employee for hours worked over 40 "at a rate not less than one and one-half times the regular rate of pay."  29 U.S.C. § 207(a)(1).

15. Plaintiff and the putative collective action members were not paid on a "salary basis."  The primary duties of Plaintiff and the putative collection action members do not meet the "duties test" for any FLSA exemption.  Plaintiff and the putative collective action members were not "exempt" from the FLSA overtime wage laws based on their compensation method and/or their primary duties.

16. Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA.

*Original Complaint - Page **4** of 7*

17. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ."  29 U.S.C. § 207(e).

## FLSA CLAIM FOR OVERTIME PAY

18. This action is authorized and instituted pursuant to the FLSA.  29 U.S.C. § 201, *et seq*.

19. All conditions precedent to this suit, if any, have been fulfilled.

20. At all material times, Plaintiff and the putative collective action members are/were employees under the FLSA.  29 U.S.C. § 203(e).

21. At all material times, the putative collective action members were similarly situated to the Plaintiff and to each other and are/were employees under the FLSA.  29 U.S.C. § 203(e).

22. At all material times, Defendant was and is and eligible and covered employer under the FLSA.  29 U.S.C. § 203(d).

23. At all material times, Plaintiff and the putative collective action members regularly worked in excess of 40 hours per seven-day workweek.

24. At all material times, Plaintiff and the putative collective action members were and are entitled to overtime compensation at one and one-half times the regular rate of pay.  29 U.S.C. § 207(a)(1).

25. Defendant failed to pay Plaintiff and putative collective action members overtime compensation for all hours worked over 40 in a seven-day workweek.

26. Defendant's violation of the FLSA was and remains willful within the meaning of 29 U.S.C. § 255(a).  *See Singer v. City of Waco*, 324 F.3d 813, 821-22 (5th Cir. 2003) (upholding a jury finding of willfulness).

27. Defendant has not made a good faith effort to comply with the requirements of 29 U.S.C. § 260. Accordingly, Plaintiff and the putative collective action members are entitled to liquidated damages.

28. Where, as here, "the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis." *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (certifying nationwide collective action in FLSA case).

29. Accordingly, Plaintiff seeks to represent a collective action under 29 U.S.C. § 216(b) on behalf of "all current and former kitchen staff employees who are/were employed by Defendant and who were not paid overtime compensation for hours worked over 40 in any workweek from March 9, 2009 forward."

30. Plaintiff hereby consents to sue for violations of the FLSA, pursuant to 29 U.S.C. §§ 207, 216(b) and 256.

## JURY DEMAND

31. Plaintiff demands a jury trial.

## DAMAGES AND PRAYER

32. Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff and those persons similarly situated to Plaintiff be awarded a judgment against Defendant for the following:

    a. Actual damages in the amount of unpaid overtime back wages;

    b. Liquidated damages under the FLSA;

    c. Pre-judgment and post-judgment interest;

    d. Court costs;

    e. Reasonable attorney's fees; and

   f.  All other relief to which Plaintiff and those similarly situated to Plaintiff are entitled.

          Respectfully submitted,

          BARON & BUDD, P.C. &


          By:  s/Allen R. Vaught

            Allen R. Vaught
            Baron & Budd, P.C.
            State Bar No. 24004966
            3102 Oak Lawn Avenue, Suite 1100
            Dallas, Texas  75219
            (214) 521-3605 – Telephone
            (214) 520-1181 – Facsimile
            avaught@baronbudd.com

          ATTORNEYS FOR PLAINTIFFS