IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| ALFREDO CORDOVA, on behalf of himself and all others similarly situated, | § § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. 7:12-cv-00036-O |
| MARJUA CORPORATION d/b/a LOS TRES AMIGOS | § § § | |
| Defendant. | § § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Alfredo Cordova ("Plaintiff"), on behalf of himself and all others similarly situated, files this First Amended Complaint against the Marjua Corporation d/b/a Los Tres Amigos ("Defendant") showing in support as follows:

## INTRODUCTION

1.      This is a lawsuit to recover unpaid minimum wages and overtime wages under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, on behalf of Plaintiff and other similarly situated kitchen staff employees employed by Defendant from March 9, 2009 forward.

2.      Plaintiff and the putative class members worked as kitchen staff employees at Defendant's restaurants known as Los Tres Amigos. Defendant operates three Los Tres Amigos restaurant locations – one in Wichita Falls, Texas and two in Lawton, Oklahoma.

3.      Plaintiff and the putative class members were paid a quasi-day rate where their daily amount of pay was reduced when they worked less than a full day/worked fewer hours. For example, a typical kitchen staff employee, working six days per work week, might work four

*First Amended Complaint - Page 1 of 10*

of those days at seven hours per day for a flat rate of $37 and two of those days per at 13 hours per day at $75.   As such, Plaintiff and the putative class members were not compensated pursuant to a valid day rate plan.  Plaintiff and the putative class members were not paid on a salary basis sufficient to qualify for any exemption from the FLSA minimum wage and overtime compensation laws.

4.    Plaintiff and the putative class members, as kitchen staff employees, had primary duties that included things such as preparing food, cooking food, washing dishes and other general kitchen duties.  Plaintiff and the putative class members do not have primary duties that qualify for any exemption from the FLSA minimum wage and overtime compensation laws.

5.    Defendant's compensation method and amount of compensation failed to ensure payment of the minimum wage rate for every hour worked by Plaintiff and the putative class members.

6.    Plaintiff and the putative class members regularly worked in excess of 40 hours per week, but were never paid corresponding overtime compensation as required by the FLSA.

7.    Plaintiff files this FLSA collective action lawsuit on behalf of himself and all other similarly situated employees seeking back wages, liquidated damages, costs, legal fees and all other available remedies for Defendant's violation of the FLSA minimum wage and overtime wage requirements.  The relevant time period of this lawsuit is March 9, 2009 forward.

## THE PARTIES, JURISDICTION AND VENUE

8.    Plaintiff Alfredo Cordova is a former employee of Defendant and is a natural person who resides in Wichita Falls, Texas.  He has standing to file this lawsuit.  He worked as a kitchen staff employee for Defendant at its Wichita Falls restaurant within the Northern District of Texas from approximately August 2010 to March 4, 2012.

9.      The putative collective action members are current and former kitchen staff employees with the job duties described in the factual background narrative below who are/were employed by Defendant at any time from March 9, 2009 forward.  Like the named Plaintiff, these persons are/were engaged in interstate commerce in performing their duties for Defendant. All of the putative collective action members are similarly situated to Plaintiff and to one another within the meaning of Section 216(b) of the FLSA.

10.     Defendant Marjua Corporation d/b/a Los Tres Amigos is Texas for profit corporation with its principal place of business at 2210 Southwest Parkway, Wichita Falls, Texas 76308.  Defendant is an employer pursuant to the FLSA.  The Marjua Corporation d/b/a Los Tres Amigos was served with process and has filed an answer herein.

11.     The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.  During all times relevant to this lawsuit, Defendant has done business in the State of Texas and continues to do business in the State of Texas.

12.     At all times relevant to this lawsuit, Defendant has employed more than two employees and is engaged in interstate commerce.  As set forth above in more detail, Defendant operates multiple restaurant locations in Texas and Oklahoma.  On information and belief, Defendant has annual gross sales or business volume in excess of $500,000.

13.     The Court has subject matter jurisdiction over this case based on federal question jurisdiction because Plaintiff bases his claim and the claims on behalf of the putative collective action members on federal law, 29 U.S.C. § 201, *et seq*.

## FACTUAL BACKGROUND

14.     The Plaintiff was employed as a kitchen staff employee for Defendant from approximately August 2010 to March 4, 2012.

*First Amended Complaint - Page 3 of 10*

15.     As a kitchen staff employee, Plaintiff worked on the production side of the business with the primary duty of providing kitchen staff services such as cleaning, cooking, preparing kitchen equipment, preparing food products, working with supplies and general restaurant kitchen duties.

16.     Defendant operates three restaurants doing business as "Los Tres Amigos" with one restaurant in Wichita Falls, Texas and two restaurants in Lawton, Oklahoma.   Plaintiff worked in the Wichita Falls location.

17.     From approximately August 15, 2010 to September 1, 2011, Plaintiff worked six days per week with three days at 13 hours per day and three days at 14 hours per day.  During that time, Plaintiff was paid a flat rate of $75 per day regardless of the hours worked.

18.     From approximately September 1, 2011 to March 4, 2012, Plaintiff worked six days per week with four days at seven hours per day and two days at 14 hours per day.  On days when Plaintiff worked seven hours, he was paid a flat rate of $37 per day.  On days that Plaintiff worked 14 hours per day, he was paid a flat rate of $75 per day.

19.     Defendant did not have a valid day rate plan pursuant to the requirements of 29 C.F.R. § 778.112.  Plaintiff was not paid on a salary basis sufficient to qualify for any FLSA exemption.  Plaintiff was not a tipped employee.

20.     As a non-exempt employee, Plaintiff was entitled to be paid the applicable federally required minimum wage rate for each hour worked.  However, as explained above, Plaintiff's quasi day rate pay and corresponding hours worked resulted in an hourly wage below the applicable minimum wage rate.

21.     As a non-exempt employee, Plaintiff was entitled to time and a half of his regular hourly rate of pay for all hours worked over 40 in each and every workweek.  However, despite

*First Amended Complaint - Page **4** of **10***

regularly working more than 40 hours per workweek, Plaintiff was never paid overtime wages as required by the FLSA.

22.     At all times relevant to this lawsuit, Defendant employed and continues to employ several employees that are similarly situated to Plaintiff.   Defendant typically employs an approximate total of 24 kitchen staff employees at any given time in three restaurants, and those kitchen staff employees are similarly situated to Plaintiff with regards to above-described primary duties, compensation method, approximate compensation amount, exemption status and typical hours worked.

23.     Like Plaintiff, the members of the putative class were not paid the applicable minimum wage rate for each hour worked.

24.     Like Plaintiff, the members of the putative class were not paid overtime compensation for all hours worked over 40 in each and every workweek.

25.     Plaintiff and similarly situated employees engaged in interstate commerce in the performance of their primary duties.   Examples include the use of food products, food service supplies, cooking equipment and cleaning goods manufactured and/or distributed in interstate commerce and the rendering of food related goods and services to customers in interstate commerce.   Additionally, kitchen staff employees were employed by Defendant in three business locations in two different states.   Communications between those interstate business locations involved interstate commerce.

26.     Like Plaintiff, the putative class members were not exempt from the FLSA minimum wage and overtime wage laws.   Plaintiff and similarly situated employees were not paid the FLSA mandated minimum wage rate for each hour worked.   Plaintiff and the putative

class members were not paid FLSA mandated overtime compensation for all hours worked in excess of 40 during each and every workweek.

27.     Defendant failed to comply with the FLSA because it did not pay Plaintiff and similarly situated employees the federally mandated minimum wage rate for each hour worked. Defendant also failed to comply with the FLSA because it did not pay Plaintiff and similarly situated employees overtime wages for each hour worked over 40 for each and every workweek.

## CONTROLLING LEGAL RULES

28.     The FLSA generally requires that an employer pay an employee at least the applicable federally mandated minimum wage rate during the relevant time period of employment.  29 U.S.C. § 206(a)(1).

29.     The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must compensate the employee for hours worked over 40 "at a rate not less than one and one-half times the regular rate of pay."  29 U.S.C. § 207(a)(1).

30.     The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ."  29 U.S.C. § 207(e).

31.     Plaintiff and the putative collective action members were not paid on a salary basis or valid day rate plan and therefore cannot qualify for any relevant exemption from the FLSA overtime wage and minimum wage laws during pertinent time periods.

32.     The primary duties of Plaintiff and the putative collective action members do not meet the primary duties of any exemption from the FLSA even had they been paid on an adequate salary basis/day rate plan.

33.     Plaintiff and the putative collective action members were not "exempt" from the FLSA minimum wage and overtime wage laws.

34.     Failing to pay the federally mandated minimum hourly wage is a violation of the FLSA.

35.     Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA.

**FLSA CLAIM FOR MINIMUM WAGE AND OVERTIME WAGE PAY**

36.     This action is authorized and instituted pursuant to the FLSA.  29 U.S.C. § 201, *et seq*.

37.     All conditions precedent to this suit, if any, have been fulfilled.

38.     At all material times, Plaintiff and the putative collective action members are/were employees under the FLSA.  29 U.S.C. § 203(e).

39.     At all material times, the putative collective action members are/were similarly situated to the Plaintiff and to each other and are/were employees under the FLSA.  29 U.S.C. § 203(e).

40.     At all material times, Defendant was and is an eligible and covered employer under the FLSA.  29 U.S.C. § 203(d).

41.     At all material times, Plaintiff and the putative collective action members were and are entitled to the minimum hourly wage applicable to the time period of their employment. 29 U.S.C. § 206(a)(1).

42.     Defendant failed to pay Plaintiff and putative collective action members the applicable federally mandated minimum hourly wage for each hour worked.

43.     Plaintiff and the putative collective action members regularly worked in excess of 40 hours per seven-day workweek during the time period relevant to this lawsuit.

44.     At all material times, Plaintiff and the putative collective action members were and are entitled to overtime compensation at one and one-half times the regular rate of pay.  29 U.S.C. § 207(a)(1).

45.     Defendant failed to pay Plaintiff and putative collective action members overtime compensation for all hours worked over 40 in a seven-day workweek.

46.     Defendant's violation of the FLSA was and remains willful within the meaning of 29 U.S.C. § 255(a).  *See Singer v. City of Waco*, 324 F.3d 813, 821-22 (5th Cir. 2003) (upholding a jury finding of willfulness).

47.     Defendant has not made a good faith effort to comply with the requirements of 29 U.S.C. § 260.  Accordingly, Plaintiff and the putative collective action members are entitled to liquidated damages.

48.     Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis."  *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (certifying nationwide collective action in FLSA case).

49.     Accordingly, Plaintiff seeks to represent a collective action under 29 U.S.C. § 216(b) on behalf of "all current and former kitchen staff employees who are/were employed by Defendant from March 9, 2009 forward: (1) who are/were not paid the applicable federally mandated minimum wage rate for every hour worked.; and (2) who are/were not paid overtime compensation for all hours worked over 40 in every workweek."

50.     Plaintiff hereby consents to sue for violations of the FLSA, pursuant to 29 U.S.C. §§ 207, 216(b) and 256.

## JURY DEMAND

51.     Plaintiff demands a jury trial.

*First Amended Complaint - Page 8 of 10*

## **DAMAGES AND PRAYER**

52.     Plaintiff and those persons similarly situated to Plaintiff pray that they be awarded

a judgment against Defendant for the following:

a.      Actual damages for each hour worked in which the applicable federally mandated minimum hourly wage was not paid;

b.      Actual damages in the amount of unpaid overtime wages;

c.      Liquidated damages under the FLSA for both minimum wage and overtime wage violations;

d.      Pre-judgment and post-judgment interest;

e.      Costs;

f.      Reasonable attorney's fees; and

g.      All other relief to which Plaintiff and those similarly situated to Plaintiff are entitled.

Respectfully submitted,

BARON & BUDD, P.C.


By:     s/Allen R. Vaught
        Allen R. Vaught
        Baron & Budd, P.C.
        State Bar No. 24004966
        3102 Oak Lawn Avenue, Suite 1100
        Dallas, Texas  75219
        (214) 521-3605 – Telephone
        (214) 520-1181 – Facsimile
        avaught@baronbudd.com

ATTORNEYS FOR PLAINTIFFS

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that a true and correct copy of the foregoing document was served upon the counsel of record listed below by the Northern District of Texas CM/ECF method on the 14th day of May 2012.

       Mr. Charles M. Barnard
       811 Sixth Street, Suite 210
       Wichita Falls, Texas 76301


                                              _____s/Allen R. Vaught_____